ABRAMS, FENSTERMAN, FENSTERMAN,
EISMAN, FORMATO, FERRARA, WOLF &
CARONE, LLP
Christopher A. Gorman, Esq.
1 Metrotech Center, Suite 1701
Brooklyn, New York 11201
(718) 215-5300
cgorman@abramslaw.com
*Counsel for Yeshiva Chanoch Lenaar*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>OHOLEI YOSEF YITZCHOK LUBAVITCH, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 1-18-44439 |

**MOTION OF LANDLORD YESHIVA CHANOCH LENNAR FOR AN ORDER (A) DECLARING THAT THE AUTOMATIC STAY DOES NOT PREVENT ACTS TO RECOVER POSSESSION OF THE PREMISES OCCUPIED BY THE DEBTOR, OR (B) IN THE ALTERNATIVE, GRANTING RELIEF FROM AUTOMATIC STAY**

YESHIVA CHANOCH LENAAR, (the "Landlord"), by its attorneys, Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, hereby files this motion (the "Motion") for entry of an order pursuant to 11 U.S.C. 362(d): (a) declaring that the automatic stay does not prevent acts to recover possession of the Premises (defined below) occupied by OHOLEI YOSEF YITZCHOK LUBAVITCH, INC. (the "Debtor"), or (b) in the alternative, granting relief from the automatic stay to allow the Landlord to evict the Debtor from possession of the Premises.

**PRELIMINARY STATEMENT**

1.      After not paying the Landlord rent for literally years, the Debtor filed its Chapter 11 bankruptcy Petition the day before the marshal was scheduled to evict it from the subject Premises. The Debtor's Lease with the Landlord terminated on October 31, 2017 by a 30 Day

Notice of Termination. The Debtor, however, continued to use and occupy the Premises without permission of the Landlord after expiration of the Lease term, compelling the Landlord to commence an eviction proceeding in New York City Civil Court (LT Index No. 92845/2017, Kings County). On March 15, 2018, the Debtor signed a So-Order Stipulation agreeing to vacate the Premises by July 20, 2018. The Debtor, however, has failed to vacate the Premises and, in a last ditch attempt to try to stave off eviction, filed its bankruptcy Petition only so that the marshal could not proceed to enforce a warrant of evict against it.

2.      The Landlord, therefore, needs immediate relief from the Court. In the first instance, the Landlord respectfully requests a declaration that pursuant to 11 U.S.C. §§362(b)(10) and 541(b) the automatic stay does not apply. As detailed below, it is clear that under the circumstances presented here, where the Debtor consented to vacate the Premises by a date certain and consented to the issuance of a warrant of eviction, which was subsequently issued, any tenancy was terminated pre-petition and the Bankruptcy Code's automatic stay provision affords no protections to the Debtor. In the alternative, even if this Court was to conclude that the automatic stay does apply, the Landlord requests that the Court vacate the automatic stay and compel the Debtor to immediately vacate and surrender the Premises or allow the Landlord to exercise its rights under the terminated Lease and state law.

3.      The Landlord is proceeding by order to show cause because time is of the essence with respect to this application. The Debtor operates a school at the subject Premises. The Debtor staved off eviction last school year mainly by citing the fact to the New York City Civil Court that a school should not be evicted during the school year. The Debtor, by filing this bankruptcy Petition, is hoping to "buy some time" and then ultimately try to make the same argument to this

Court as it did to the New York City Civil Court during last school year – *i.e.*, that a school purportedly should not be evicted during the school year.

4. As such, it is imperative that the Landlord's application be heard as soon as possible so that the Debtor can be evicted before the new school year begins. If the Debtor is not evicted forthwith, the Debtor will use this proceeding to argue that the Landlord's ability to evict the Debtor after the school year begins should be severely constrained. Barring execution of the already issued warrant of eviction, and permitting the Debtor to remain in possession of the Premises despite it having previously consented in a so-ordered Stipulation to vacating the Premises by a date certain, will result in the Debtor admitting students for the upcoming school year at the Premises. This is the exact same delay tactic that the Debtor employed in the summer of 2017 and which allowed the Debtor to operate for the full 2017-2018 school year at the Premises without the payment of all rent amounts due and owing. Furthermore, the Landlord intends to re-let the Premises to a new tenant for the operation of a school beginning in September 2018, so it is imperative that it re-gain access to the Premises immediately because the new tenant requires advance access to the Premises to prepare for the upcoming school year.

5. Respectfully, this Court is the last line of defense for the Landlord. This Court is the last bastion that can put an end to Debtor's delay tactics. The Landlord needs this Court to hear and grant this application forthwith so that the Landlord can enforce its rights which the Debtor has already acknowledged and agreed that the Landlord has the right to enforce. Respectfully, the Debtor's delay tactics should be put to an end and the Debtor should be evicted from the subject Premises with all due haste.

6. No previous application for similar relief has been made.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

## BASIS FOR RELIEF

8. The statutory basis for the relief requested herein is Bankruptcy Code § 362(d)(1).

## BACKGROUND

9. On July 31, 2018 (the "Petition Date"), the Debtor filed a chapter 11 voluntary petition under chapter 11 of title 11 of the United Stated Code. The Debtor continues to operate and manage its property and affairs as a debtor in possession pursuant to Bankruptcy Code Section 1107 and 1108.

10. The Debtor is a tenant under a written nonresidential lease between the Debtor and the Landlord, dated August 31, 2014, for property located at 876-878 Eastern Parkway, Brooklyn, New York (the "Premises"). A copy of the Lease, and modification thereto, is annexed as Exhibit "1" to the Declaration of Avi Lesches attached hereto as Exhibit "A," which is incorporated herein and submitted in support of the Motion.

11. The Debtor uses the Premises for commercial purposes – in particular, the Debtor operates a school out of the Premises. *See* Declaration of Avi Lesches ¶ 9.

12. The Debtor is in default under the Lease for a litany of reasons, including, but not limited to, the fact that the Debtor owes the Landlord in excess of $130,000.00 in past due rent, the Debtor has made alterations to the Premises in violation of the Lease, and the Debtor has not produced required proof of insurance (even though it is running a school out of the Premises). *See* Declaration of Avi Lesches ¶¶ 10-11.

13. In or about the spring of 2017, the Landlord and the Debtor mutually agreed that, in view of the Debtor's substantial outstanding debt to the Landlord in past due rent, the Landlord would allow the Debtor to finish out the school year and the Debtor agreed to vacate the Premises in the summer of 2017. *See* e-mails annexed as Exhibit "2" to the Declaration of Avi Lesches. *See* Declaration of Avi Lesches ¶ 14.

14. Notwithstanding, the Debtor refused to vacate the Premises in the summer of 2017 and admitted students for the 2017-2018 school year. *See* Declaration of Avi Lesches ¶ 15.

15. On or about September 14, 2017, the Landlord served the Debtor with a 30 Day Notice of Termination. According to the 30 Day Notice of Termination, the Debtor's Lease with the Landlord terminated on October 31, 2017. A copy of the 30 Day Notice of Termination and affidavit of service is annexed hereto as Exhibit "B."

16. The Debtor remained in possession of the Premises after expiration of the Lease term, on October 31, 2017. *See* Declaration of Avi Lesches ¶ 16.

17. On or about November 3, 2018, the Landlord commenced a holdover eviction proceeding in the New York City Civil Court, County of Kings (LT Index No. 92845/2017). A copy of the Petition is annexed hereto as Exhibit "C."

18. The Debtor delayed proceeding in the New York City Civil Court for several months by, among other things, filing baseless motions to dismiss and seeking adjournments from the court.

19. Finally, on March 15, 2018, a stipulation was entered and so ordered by the Hon. Harriet L. Thompson (the "Stipulation"). A copy of the March 15, 2018 Stipulation is annexed hereto as Exhibit "D."

20. Pursuant to the terms of the Stipulation, the Debtor consented to issuance of a final judgment of possession and issuance of a warrant of eviction forthwith (with execution stayed per the terms of the Stipulation). *See* Exhibit "D." The Stipulation did not leave open any opportunity to cure the default and conclusively terminated the landlord tenant relationship.

21. The Stipulation granted to the Debtor the ability to finish out the school year at the Premises. Accordingly, the Debtor agreed to vacate 878 Eastern Parkway, Brooklyn, New York by June 30, 2018 and agreed to vacate 876 Eastern Parkway, Brooklyn, New York by July 20, 2018. *See* Exhibit "D."

22. The judgment of eviction is annexed hereto as Exhibit "E."

23. On April 5, 2018, a warrant of eviction was issued. A copy of the warrant of eviction is annexed hereto as Exhibit "F."

24. Upon information and belief, the Debtor is no longer operating at the Premises but has left behind personal property thereat. *See* Declaration of Avi Lesches ¶ 18. Under the terms of the Stipulation, any property remaining at the Premises after vacatur is deemed abandoned. However, out of an abundance of caution, the Landlord sought execution of the warrant of eviction by New York City Marshal Daley. *See* Declaration of Avi Lesches ¶ 18.

25. New York City Marshal Daley, together with the New York City Department of Investigation, scheduled an eviction of the Premises on August 1, 2018. *See* Declaration of Avi Lesches ¶ 19.

26. On July 31, 2018, the day before the scheduled eviction, the Debtor filed the instant Chapter 11 proceeding and caused the eviction to be stayed. On the same date, the Debtor served New York City Marshal Daley with notice of the instant bankruptcy filing and notice of automatic stay.

27.     The Debtor has failed to pay post-petition use and occupancy of the Premises. *See* Declaration of Avi Lesches ¶ 21.

## RELIEF REQUESTED

28.     The Landlord requests entry of an order substantially in the form attached hereto as Exhibit "G," (a) declaring that the automatic stay does not prevent acts to recover possession of the Premises occupied the Debtor, or (b) in the alternative, granting relief from the automatic stay to allow the Landlord to evict the Debtor from possession of the Premises.

## GROUNDS FOR RELIEF REQUESTED

I.  SECTION 362(A) OF THE BANKRUPTCY CODE DOES NOT OPERATE TO STAY THE EVICTION OF THE DEBTOR FROM THE PREMISES.

29.     Section 362(a) of the Bankruptcy Code does not operate to stay the eviction of the Debtor from the Premises for two reasons. First, the Premises is excluded from the Debtor's estate. Second, these circumstances are explicitly excluded from operation of any stay under 11 U.S.C. Section 362(a).

30.     Section 541(b) of the Bankruptcy Code states as follows:

> Property of the estate does not include—
>
> (2) **any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease before the commencement of the case under this title**, and ceases to include any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease during the case;

11 U.S.C. 541(b) (emphasis added).

31. As described *supra*, the Lease involved nonresidential real property. *See* Declaration of Avi Lesches ¶ 9. Furthermore, the Debtor's interest in the Lease expired prior to commencement of the instant bankruptcy proceeding. *See* Exhibits B, C, D, E, and F.

32. "Congress has generally left the determination of property rights in the assets of the bankruptcy estate to state law." *In re Éclair Bakery Ltd.*, 255 B.R. 121 (Bankr. S.D.N.Y. 2000).

33. Under New York law, a lease is extinguished upon issuance of a warrant of eviction. *In re Butler*, 14 B.R. 532 (Bankr. S.D.N.Y. 1981). *See also* N.Y. R.P.A.P.L. § 749(c) (issuance "of a warrant for the removal of a tenant cancels the agreement under which the person removed held the premises, and annuls the relation of landlord and tenant,"); *In re Éclair Bakery Ltd.*, 255 B.R. 121 (Bankr. S.D.N.Y. 2000) ("Under the law of New York, applicable here, the issuance of a warrant of eviction cancels the lease between the parties and annuls the relationship of landlord and tenant"); *In re Darwin*, 22 B.R. 259, 262 (Bankr. E.D.N.Y. 1982) ("Under the laws of the State of New York it is not the execution of the warrant, but the issuance of a warrant for the removal of a tenant that 'cancels the agreement under which the person removed held the premises and annuls the relationship of landlord and tenant ...'").

34. In consenting to issuance of a judgment of eviction and agreeing to vacate the Premises by dates certain, the Debtor waived any state law defenses and objections it may have had to the eviction proceeding. *See* Exhibits D and E hereto. Accordingly, the Debtor has no legal or equitable interest in the Premises that the bankruptcy Code is intended to protect.

35. Furthermore, Section 362(b)(10) states as follows:

> (b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay --
>
> (10) under subsection (a) of this section, **of any act by a lessor to the debtor under a lease of nonresidential real property that**

> **has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property**;

11 U.S.C. § 362(b)(10) (emphasis added).

36.     The United States Bankruptcy Court for the Eastern District of New York has held, in *In re Neville*, 118 B.R. 14 (Bankr. E.D.N.Y. 1990), that "[t]he language of Section 362(b)(10) clearly indicates that it is not necessary for a landlord to move in the Bankruptcy Court to vacate the automatic stay when the Debtor is operating under a lease of non-residential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title." *Id.* at 18. *See also In re Lady Liberty Tavern Corp.*, 94 B.R. 812 (S.D.N.Y. 1988) (state court judgment terminating the lease and awarding possession of the premises to the landlord terminated the Debtor's lease pre-petition, such that it was not property of the Debtor's estate as of the date of filing of the petition and the automatic stay was inapplicable); *In re Damianopoulos*, 93 B.R. 3 (Bankr. N.D.N.Y. 1988) (automatic stay does not constrain landlord from proceeding with eviction under 11 U.S.C. § 362(b)(10)).

## II.   IN THE ALTERNATIVE, EVEN IF THE AUTOMATIC STAY IS APPLICABLE IT SHOULD BE LIFTED TO ALLOW THE LANDLORD TO EVICT THE DEBTOR FROM POSSESSION OF THE PREMISES

37.     Even if this Court was to conclude that the automatic stay is applicable (which, respectfully, it should not), it is clear that the Landlord is entitled to an Order terminating the automatic stay on the basis of good cause in order to allow the Landlord to evict the Debtor from possession of the Premises.

38.     Bankruptcy Code Section 362(d)(1) provides:

> On request of a party in interest, after notice and a hearing, the court shall grant relief from the automatic stay provided under subsection

> (a) of this section, such as by terminations, annulling, modifying, or modifying such stay – (1) for cause . . . .

11 U.S.C. § 362(d)(1).

39. Neither the Bankruptcy Code nor the legislative history of Section 362(d)(1) define "cause." *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990). The Second Circuit provided the following factors to be considered in determining whether relief from the automatic stay is appropriate:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*In re Sonnax Industries, Inc.*, 907 F.2d at 1286. The decision to grant or deny relief from the automatic stay is committed to the discretion of the bankruptcy judge. *In re Sonnax Industries, Inc.*, 907 F.2d at 1286.

40. Courts have held that "a Landlord's right to timely payment of post-petition rent is an interest in property entitled to adequate protection." *In re P.J. Clarke's Restaurant Corp.*, 265 B.R. at 404 (citing cases). *See Oligbo v. Louis (In re Oligbo)*, 328 B.R. 619, 651 (Bankr. E.D.N.Y. 2005).

41. Here, cause to terminate the automatic stay exists on the grounds that the Landlord's interest in the Premises is not adequately protected. In the event that the stay is not

terminated, and the Debtor is authorized to continue in possession of the Premises, there is very little likelihood that the Landlord will receive compensation therefor. *See generally* 11 U.S.C. §§ 362(d)(1) and 363(e). At this junction, the Debtor owes to the Landlord in excess of $130,000.00 in pre-petition, past due rent. *See* Declaration of Avi Lesches ¶ 10.

42. The Lease has expired, a warrant of eviction has been issued, and the Debtor has no right to remain in possession of the Premises.

43. Moreover, a trustee has no ability to assume the Lease given its pre-petition termination. Where the Lease has been terminated pursuant to state law it cannot be revived by a bankruptcy court. *In re Darwin*, 22 B.R. 259, 263 (Bankr. E.D.N.Y. 1982) ("It is equally clear that the bankruptcy court cannot resurrect a lease terminated prior to the filing of the petition."). "Accordingly, a debtor remaining in possession of real property that is the subject of a prepetition warrant of eviction has merely a naked possessory interest which is wrongful, of minimal value to the estate and may not serve as the basis of a re[o]rganization effort." *In re Helicopters, Inc.,* 211 B.R. 453, 463 (Bankr. E.D.N.Y. 1997).

44. Good cause to terminate the automatic stay exists where the state court eviction proceedings have concluded and the Debtor's rights therein terminated. *In re Éclair Bakery Ltd.*, 255 B.R. 121, 136 (Bankr. S.D.N.Y. 2000). Furthermore, the Debtor has no bona fide litigation options in state court at this juncture given its waiver of any and all defenses pursuant to the Stipulation. *See* Exhibits D and E.

45. The Landlord is also entitled to relief from the automatic stay on the grounds that the Debtor's actions thus far have been in bad faith and primarily been intended to frustrate and delay the enforcement of the Landlord's rights. *See e.g. In re Éclair Bakery Ltd.*, 255 B.R. 121, 136 (Bankr. S.D.N.Y. 2000) (finding good cause for relief from automatic stay on the basis of the

debtor's bad faith); *Matter of GSVC Restaurant Corp.*, 3 B.R. 491 (Bankr. S.D.N.Y. 1980) (finding good cause to terminate the automatic stay where the Debtor engaged in delay tactics primarily to frustrate the landlord's efforts to lawfully evict the Debtor).

## NOTICE

46.     Notice of this Motion has been given to (i) counsel for the Debtor, (ii) the office of the United States Trustee, and (iii) all parties receiving electronic notices in this case. The Landlord submits that no other or further notice of this Motion need be given.

## CONCLUSION

WHEREFORE, the Landlord respectfully requests the Court to enter an order substantially in the form attached hereto as Exhibit "G" (a) declaring that the automatic stay does not prevent acts to recover possession of the Premises occupied the Debtor, or (b) in the alternative, granting relief from the automatic stay to allow the Landlord to evict the Debtor from possession of the Premises.

Dated: Lake Success, New York
       August 7, 2018

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP

By: */s/ Christopher A. Gorman*
Christopher A. Gorman, Esq.
3 Dakota Drive, Suite 300
Lake Success, New York 11042
(516) 328-2300
cgorman@abramslaw.com